## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **GEORGE MARTINEZ** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **NUECES COUNTY, TEXAS;** | § | |
| **WELLPATH, LLC.;** | § | |
| **FERNANDO CARRENO;** | § | |
| **ANGELA MCGEE;** | § | |
| **ADAM SHARTZER;** | § | |
| **CASSANDRA GUZMAN;** | § | |
| **CORINA PARRIS;** | § | **CIVIL ACTION NO. 2:21-cv-210** |
| **CARLA ROMEO;** | § | **JURY** |
| **DORA ACUNA;** | § | |
| **ERICA DURHAM;** | § | |
| **JAPHETH FERNANDEZ;** | § | |
| **JANET CORDERO;** | § | |
| **JENNIFER CANNON;** | § | |
| **JESSICA STANLEY;** | § | |
| **MARCIA SCHOBER;** | § | |
| **STACEY FLINT;** | § | |
| **SARAH ECKSTROM;** | § | |
| **SELENA BURNES;** | § | |
| **SAMANTHA RODRIGUEZ;** | § | |
| **TANESHIA GOLDEN;** | § | |
| **VERONICA GARCIA;** | § | |
| **PRISCILLA BONE; and** | § | |
| **EDRA BOCANEGRA** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES Plaintiff, George Martinez, bringing this his *Plaintiff's Original Complaint*, praying for damages against the above-noted Defendants, as said Defendants, jointly and severally, have denied Plaintiff his rights as guaranteed by the Constitution and laws of the United States of America and/or the State of Texas.

## I.
## JURISDICTION AND VENUE

1.      This court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343(3) (civil rights).  This court also has supplemental jurisdiction pursuant to 28 U.S.C.  §1367 to hear the state claims that will be set forth in this complaint.  Venue is proper in the Southern District of Texas, Corpus Christi Division, as this is the district where the claim arose in accordance with 29 U.S.C.§1391(b).

## II.
## PARTIES

2.      Plaintiff George Martinez (hereinafter occasionally referred to as "Plaintiff" and/or "Daniel") is a resident of Nueces County, Texas.

3.      Defendant Nueces County, Texas (hereinafter "Defendant County" or "County") is a political subdivision of the State of Texas, and may be served with summons upon its County Judge, Barbara Canales, 901 Leopard St., Room 303, Corpus Christi, Texas 78401.

4.      Defendant Well Path, L.L.C. (hereinafter "Defendant Well Path" or "Well Path") is a Texas corporation and can be served with summons through its agent for such purposes, Corporate Creations Network, Inc., 2425 W. Loop South #200, Houston, Texas 77027.

5.      Defendants Angela Mcgee, Adam Shartzer, Cassandra Guzman, Corina Parris Carla Romeo, Dora Acuna, Erica Durham, Japheth Fernandez, Janet Cordero, Jennifer Cannon, Jessica Stanley, Marcia Schober, Stacey Flint, Sarah Eckstrom, Selena Burnes, Samantha Rodriguez, Taneshia Golden, Veronica Garcia, Priscilla Bone, Edra Bocanegra were all medial personal working for Defendant County and/or Defendant Well Path, and can be served with summons through Defendant Well Path's agent for such purposes, Corporate Creations Network, Inc., 2425 W. Loop South #200, Houston, Texas.

### III.
### FACTS

6.     Whenever, in this complaint it is alleged that any Defendant did any act, thing, and/or omission, it is meant that Defendant and/or Defendant's officers, agents, servants, employees or representatives did such act, thing and/or omission and that at the time it was done with full authorization and/or ratification of Defendant or done during the employment of Defendant and/or Defendant's officers, agents, servants, employees or representatives.

7.     In early September 2019, Plaintiff was incarcerated in the Nueces County Jail (hereinafter "Jail").  At that time, Plaintiff complained of an informed Defendants that he was scheduled for a surgery on his foot, which had been causing him severe problems with for some time.  Despite his numerous complaints concerning his medications, antibiotics and in general concerning the increasingly horrific condition of his foot, Defendants continually ignored such over a significant period of time.  As a result, one of Petitioner's toes exploded, resulting in all ultimately being unnecessarily amputated/removed.

### IV.
### FIRST CLAIM FOR RELIEF - - §1983

8.     The allegations set forth in this complaint are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

9.     **Section 1983**.  The Civil Rights Act of 1871 (Ku Klux Klan Act), now codified as 42 U.S.C. § 1983 as federal law provides:  "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for

redress."  42 U.S.C. § 1983.

10.      42 U.S.C. § 1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or laws of the United States.  As such, Plaintiff alleges that Defendants, jointly and/or severally deprived him of his Fourth and/or Eighth Amendment rights and those rights, privileges, and immunities secured by the Fourth and Fifth Amendments to the Constitution incorporated and applied to the states through the Fourteenth Amendment.   Defendants violated this provision by the following actions, *inter alia*, and/or omissions:

    a)    by acting with deliberate indifference to a substantial and known risk of harm to Plaintiff;

    b)    by ignoring Plaintiff's serious medical needs; and

    d)    failing to impose proper and sufficient policies and/or procedures as to the screening, reassessment and medical treatment of inmates/detainees/arrestees in regard to their medical needs and/or training concerning same.

11.      **§ 1983 - County/Municipal liability.**  It well-established that municipalities are liable under 42 U.S.C.S. §1983 for constitutional torts that are in-compliance with the municipality's customs, practices, policies or procedures. A municipality is liable for constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the body's official decision-making channels.  In this case, Nueces County is liable because it sanctioned the custom, practice and/or policy or procedure of failing to protect and/or ignoring the serious medical needs of those entrusted to their care.  Defendants' actions and/or omissions were not "objectively reasonable" in light of the facts and circumstances confronting them without regard to their underlying intent or motivation.  Clearly, careful attention to the facts and circumstances of this particular case illustrates the unreasonableness of Defendants' actions.

12.     Defendant Nueces County is liable herein because it sanctioned the custom, practice and/or policy or procedures of, *inter alia*, 1) ignoring the serious medical needs of those entrusted to its care based either on expedience or ignorance to the consequences[1], 2) maintaining and encouraging   a custom and practice of denying and/or paying little regard for inmates'/detainees'/arrestees' adequate and *immediate* (instead of consistently slow and inefficient) medical care and treatment for serious medical conditions by failing to properly and adequately enforce policies and procedures mandated by the Texas Commission on Jail Standards concerning same and/or in completely failing to have policies concerning same[2], 3) failing to have, enforce and/or train concerning medical reassessments for inmates/detainees/arrestees when serious medical conditions arise, 4) maintaining and encouraging a custom or practice of delaying medical necessary treatment/care for a serious medical condition exhibited by inmates/detainees/arrestees until such time as it is too late for treatment at all, 5) maintaining and encouraging a custom or practice of processing and accepting inmates/detainees/arrestees for incarceration at the booking

---

[1]     Though unnecessary for purpose of pleading (but nonetheless perhaps helpful), a few such recent (within the last five years alone and not including a plethora of case before such time period) examples known only because of individual contact by such individuals (listed below by initials for purpose of compliance with HIPPA) with the undersigned (and certainly represent only a small portion of the complaints and/or concerns with medical care at/in the Nueces County Jail), are as follows: a) T.N. was repeatedly refused medical attention for pinched nerves in or around February of 2014; b) N.C. was refused medical attention and/or medications and ended up in ICU in or around April of 2014 ; c) R.C. was repeatedly refused medications, resulting in him suffering several seizures in or around April of 2014; d) P.S. was refused treatment for his injured toe, resulting in the loss of same in or around April of 2014; e) D.M. suffered severe complications due to medical neglect during his nearly year-long incarceration in 2014; f) P.B. was provided the wrong blood-pressure medication, resulting in him having a heart attack in or around December of 2015; g) C. was provided in the wrong medication, resulting in complications requiring additional medical attention in or around February of 2016; h) G.B. was repeatedly denied treatment for his cancer in or around July of 2017; i) C.C. suffered a fall as a result of being denied epilepsy medication in or around November of 2017; j) G. was refused medical attention for what ended up being a staph infection in or around November of 2017; k) J.U. was denied medical attention for his injuries in or around November of 2017; l) J.C. was denied medical attention for a broken shoulder in or around January of 2018; m) V.G. suffered from dehydration due to medical refusal in or around April of 2018; n) L.L. was refused medical treatment for nearly a week for a hole in his foot that was caused by being electrocuted in the jail in or around December of 2018; o) B.M. was refused medical attention for a pre-existing broken leg in or around June of 2019; p) T.H. was raped as a result of the medical's failure to properly assess him in or around September of 2016.

[2]     37 Tex. Admin. Code § 273.2 (requiring any facility – including the Nueces County Jail – provide, *inter alia*, procedures for "efficient and prompt care for acute and emergency situations" that arise).

stage when such person(s) should have been immediately transferred for medical treatment to a health care facility, 6) failing to adopt or enforce policies and procedures and maintaining and encouraging a custom and practice that Nueces County knows or should know because of the numerous complaints and incidents reported to Defendant Nueces County from victims of being denied adequate medical treatment for serious medical needs or having their serious medical needs unreasonably delayed while under the custody and control of Defendant Nueces County, 7) failing to investigate and/or discipline those persons whom are found to have ignored the medical needs of such individuals, 8) failing to adequately supervise and/or observe its inmates/detainees/arrestees, 9) failing to provide adequate man power to supervise and/or observe inmates/detainees/arrestees (an "overcrowding" problem that has persisted for years and has resulting in guard/inmate ratios in violation of Texas Jail Standards and the cause of several medical concerns, including many suicides)[3], 10) failing to provide adequate staff to handle situations stemming from the medical needs of inmates/detainees/arrestees, 11) failing to impose proper and sufficient policies and/or procedures as to the screening and/or reassessment of inmates/detainees/arrestees in regard to their medical needs that arise, 12) failing to train and/or discipline those employees whom are found to have violated any of the above-noted policies, and 13) failing to train concerning medical reassessments for inmates/detainees/arrestees who – even while initially may not have signs of obvious medical problems – begin to exhibit obvious signs of medical problems.

13.     The actions and/or inactions taken in this case were taken pursuant to the customary practices and/or policies or procedures that were sanctioned by Defendants.   Liability for

---

[3]         Among them: Steven Maldonado, Roberto Garcia, Antonio Franco, Samuel Salazar, and Jose Orlando Sanchez-Ortiz.

Defendants is established under §1983 because its "ignore all policies" attitude is a persistent, widespread practice of the county employees -- namely deputies/officers/agents -- that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official policy.  Defendants had actual or constructive knowledge of each practice, custom, and/or policy or procedure and numerous prior incidents of such conduct and/or inaction as to establish accession to that custom by the policy makers.  Defendants' unspoken policies above is a decision that reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision.  In the alternative, Defendants are liable under §1983 for failing to adopt clear policies outlining the criteria for determining, relaying and/or treating the medical needs and/or reassessing the medical needs of inmates/detainees/arrestees.

## VI.
## DAMAGES

14.	As a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally, Plaintiff has been caused to suffer general damages which include, but are not limited to, the following: loss of a son, both physical and emotional injury, including but not limited to, pain and suffering, and severe emotional and mental distress, and shock, along with severe emotional distress, and loss of support, both emotional and financial.

15.	Said injuries have caused Plaintiff to incur special damages which include but are not limited to the cost of medical treatment.

16.	Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C. §1988, a prevailing party in a §1983 case is entitled to recover its attorney's fees.   Hence, Plaintiff further prays for all costs and attorney fees associated with bringing the present case to trial.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that upon trial upon the merits, Plaintiff recover damages against Defendants, jointly and severally; that this Court issue injunctive relief and/or provide judicial oversight to ensure compliance with Federal law; and that Plaintiff recover against each Defendant all reasonable and necessary attorney's fees, court costs and expenses in regards to the present suit in litigation. Moreover, Plaintiff prays for all pre-judgment and post-judgment interest that can be assessed against the Defendants in the event of recovery; and that Plaintiff recover against each Defendant any and all other general or specific relief to which they prove herself justly entitled.

Respectfully submitted,

**GALE LAW GROUP, PLLC**
711 N. Carancahua St., Suite 514
Corpus Christi, Texas 78401
Mailing Address:
P.O. Box 2591
Corpus Christi, Texas 78403
Telephone: (361) 808-4444
Telecopier: (361) 232-4139

By: /s/ *Christopher J. Gale*
Christopher J. Gale
Southern District Bar No. 27257
Texas Bar No. 00793766
Email: Chris@GaleLawGroup.com
*Attorney-In-Charge for Plaintiff*

By: /s/ *Amie Augenstein*
Amie Augenstein
Southern District Bar No. 2236723
Texas Bar No: 24085184
Email: Amie@GaleLawGroup.com
*Attorney for Plaintiff*

## Demand for Jury Trial

Plaintiff hereby demands trial by jury pursuant to Fed.R.Civ.P. 38(b)